UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO. 5:06CV-181-M

ROBERT KATTULA, MARIA KATTULA,
and K&B CAPITAL, LLC                                                      PLAINTIFFS

V.

ALAN STOUT,
TODD FARMER, and
STOUT, FARMER & KING, PLLC                                               DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Alan Stout, Todd Farmer, and Stout, Farmer & King, PLLC, to reconsider the Court's April 13, 2007, Order denying Defendants' Renewed Motion to Dismiss [DN 21] and motion by Defendants for leave to file a reply [DN 29]. Fully briefed, this matter is ripe for decision.

In December of 2006, Defendants filed a motion to dismiss because K & B Capital, LLC, as a foreign limited liability company, did not have a certificate of authority to transact business in Kentucky, and therefore, according to the Defendant, it lacked the capacity to maintain this action pursuant to KRS § 275.390(1). On March 12, 2007, the Court entered an Order denying the motion and staying the proceedings for 30 days to allow time for K & B Capital to obtain its certificate of authority. Following the expiration of this period, Defendants renewed their motion to dismiss arguing that K & B Capital continued to lack capacity to maintain the action by virtue of the revocation of its certificate of authority. Plaintiffs responded by giving notice that K & B Capital was restored to good standing with

the Office of the Kentucky Secretary of State.  On April 13, 2007, the Court entered an Order denying the renewed motion to dismiss and lifting the stay.

The Defendants now move the Court to reconsider the Order denying their renewed motion to dismiss.  Defendants argue that K & B Capital, LLC, remains in bad standing, does not possess the required certificate of authority and cannot now have it reinstated. Defendants rely upon the affidavit of Gail Hance, Branch Manager of the Corporate Division of the Office of the Kentucky Secretary of State, who averred that "the entity K & B Capital, LLC, that existed as of October 6, 2006 remains in bad standing and its Certificate of Authority is still revoked . . . ."  (Gail Hance Affidavit at 2.)  According to Hance, "once a Certificate of Authority for a foreign company has been revoked, there are no procedures for it to be reinstated." (Id.)  According to Defendants, the assignment of a different organization number to K & B Capital in connection with its recent application for a certificate of authority reflects that the current K & B Capital is a distinct entity from the K & B Capital whose certificate was revoked in October of 2006.  Based upon this information, Defendants maintain that K & B Capital lacks the capacity to pursue this action and cannot ever acquire it, rendering dismissal of its claims against the Defendants mandatory pursuant to KRS § 275.390(1), Fed. R. Civ. P. 9(a), and Fed. R. Civ. P. 12(b).

The Court disagrees.  Notably absent from Defendants' motion to reconsider is any case law supporting its argument that a foreign limited liability company that transacts business in Kentucky without a certificate of authority can **never** maintain an action in any court in the Commonwealth because it did not have a certificate of authority at the time the

2

cause of action arose or the suit was filed.  In fact, the Defendants' argument completely disregards the clear text of KRS § 275.390 that provides in relevant part as follows:

> (1) A foreign limited liability company transacting business in this Commonwealth without a certificate of authority shall not maintain an action, suit, or proceeding in any court in this Commonwealth until it obtains a certificate of authority. . . .
>
> (3) A court may stay a proceeding commenced by a foreign limited liability company, its successor, or assignee, until it determines whether the foreign limited liability company or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the limited liability company or its successor obtains the certificate of authority.

KRS § 275.390(1),(3).

KRS § 275.390(1) provides that a foreign limited liability company cannot maintain any action in Kentucky courts "**until** it obtains a certificate of authority." Id. (emphasis added).  The statute further provides that a court can stay the proceeding, if one has already been filed, until the foreign limited liability company obtains the required certificate of authority.  Contrary to Defendants' argument, there is no requirement that the certificate of authority be reinstated, that the same organization number appear on the certificate of authority, or for that matter, that the foreign limited liability company originally had a certificate of authority.  Under KRS § 275.390, the only requirement for a foreign limited liability company to maintain an action in a Kentucky court is the obtainment of a certificate of authority.

Plaintiff, K & B Capital, LLC, complied with KRS § 275.390 by obtaining a certificate of authority.  K & B Capital is duly authorized to conduct business in the

Commonwealth of Kentucky, and such authorization confers upon it authority to maintain the present action pursuant to KRS § 275.390.

For these reason, **IT IS HEREBY ORDERED** that the motion by Defendants to reconsider [DN 21] is **denied**. **IT IS FURTHER ORDERED** that the motion by Defendants to file a reply [DN 29] is **granted.**  The Court considered the reply filed by Defendants [DN 31] in deciding the motion to reconsider.

cc: counsel of record