**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CASE NO. 5:06-CV-181**

**ROBERT KATTULA,**
**MARIA KATTULA, and**
**K & B CAPITAL, LLC**                                                                                    **PLAINTIFFS**

**V.**

**ALAN STOUT,**
**TODD FARMER, and**
**STOUT, FARMER, & KING PLLC**                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Defendants objecting to the Magistrate's amending and vacating of a discovery scheduling order. (DN 49). Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion is **OVERRULED**.

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a). The review of a magistrate's rulings on non-dispositive matters, such as discovery orders, is governed by the "clearly erroneous or contrary to law" standard of review. Id. See also Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Here, the Magistrate originally entered a scheduling order on June 15, 2007 (DN 37) which required disclosure of the Plaintiff's expert witnesses by February 1, 2008. The Plaintiffs did not comply with this deadline and on March 14, 2008, they filed a motion requesting that the Magistrate amend the scheduling order "to permit additional time to disclose expert witnesses and complete discovery." (DN 47). The Plaintiffs stated that "Plaintiff's counsel's trial schedule has made necessary additional time to submit expert disclosures and complete discovery." (Id.) On March 19, 2008, following a telephonic conference with both parties, the Magistrate granted the Plaintiffs' motion. (DN 48).

The Defendants argue that the Magistrate's ruling was "clearly erroneous and contrary to law

because he was handicapped by misinformation and incomplete information." They seem to contend that the Plaintiffs' purported reason for requesting additional time to disclose expert witnesses - "Plaintiffs' counsel's trial schedule"- was insincere.

Fed. R. Civ. P. 16(b)(4) provides that pretrial scheduling order may be modified "only for "good cause and with the judge's consent." Similarly, Fed. R. Civ. P. 6(b)(1)(B) provides that when an act must be done within a specified period, "the court may, for good cause, extend the time...on motion made after the time has expired if the party failed to act because of excusable neglect." The Sixth Circuit has recognized that the "primary measure of [the] good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002 ). Another relevant consideration in this analysis "the possible prejudice to the party opposing the modification." Id.

Here, the Magistrate decided to grant the Plaintiffs' motion to amend the scheduling order after considering the arguments and objections of both parties. After so considering, he clearly concluded that "good cause" existed to permit the Plaintiffs additional time to disclose their expert witnesses and to complete discovery and that this extension would not unduly prejudice the Defendants. The Court is not persuaded that this finding was "clearly erroneous or contrary to law."

For these reasons, the Defendants' objection is **OVERRULED**. **IT IS SO ORDERED**.

cc: Counsel of Record